**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOSEPH MICHAEL DEVON ENGEL,　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　　No. 4:20-CV-1920-ACL
　　　　　　　　　　　　　　　　)
CCA, et al.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by Missouri State prisoner Joseph Michael Devon Engel, prison registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the body of the complaint, plaintiff writes: "Application to Proceed in District Court Without Prepaying Fees or Costs," and he avers he earns $5.00 per month. The Court liberally construes plaintiff's statement as a request for leave to bring this action without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's request and his averments concerning his monthly income, the Court has determined to grant the request and assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information plaintiff has provided. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

### The Complaint

Plaintiff identifies himself as a sovereign citizen, and he also avers he is a civilly-committed detainee. However, review of publicly-available records shows he is actually a convicted and sentenced State prisoner. The complaint is handwritten on notebook paper, but it includes a case caption that includes the name of this Court, plaintiff's name, the case number, and the title "Prisoner Civil Rights Complaint Under 42 U.S.C. 1983." (ECF No. 1 at 1).

The second page of the complaint contains a list identifying the following sixteen entities and individuals as defendants: "CCA; CO1 Moses; Sg. Miller; LT; Captain; Superintendent; Assistant Warden; Warden; Director; ERDCC; MODOC; Assist. Att. General; Att. General; LT Govener; Govener; and Sentor of Missouri [*sic*]." *Id.* at 2. Next to each named defendant, plaintiff writes the amount of monetary relief he seeks from that defendant. Plaintiff can be understood to assert he sues each defendant in an official and individual capacity.

Plaintiff identifies his claim as "over me getting haressed by CO1 Moses after he assult me [*sic*]." *Id.* In support, plaintiff alleges "CO1 Miax witness CO1 Moses threating to write me up after I told him he assult me for no reason oh that's right after I told him no Black people, child molesters and I wanted my 1st Admentment right to my Religion & Diet [*sic*]." *Id.* Plaintiff indicates the assault occurred "last mo[n]th." *Id.* Plaintiff also claims Moses's conduct was not investigated, and he claims "they" allow him to continue to work even though he uses martial arts moves on people. *Id.*

Plaintiff identifies his injuries as "1st Admentment, Civil Liberty, Rights, Rights, Health, Mental, PTSD, Mind Raping [*sic*]." *Id.* at 1. As noted above, next to each defendant's name or title, plaintiff writes the amount of monetary relief he seeks from that defendant. Those amounts range from "1 Billion" dollars to "16 Billion" dollars. *Id.* at 2. Plaintiff also avers he is suing "each one of these chain of command for that amount 136 Billion total in [capital]." *Id.*

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC, the ERDCC, and other state entities, as well as by MDOC and Missouri State officials identified by titles such as those that appear in the instant complaint. The manner in which plaintiff prepared those complaints, and his demands for relief, are roughly the same as in the instant action. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

The Court first addresses plaintiff's individual capacity claim against Moses. Plaintiff claims Moses harassed him after assaulting him in the past. Based upon the allegations in the complaint, the harassment consisted of a verbal threat to "write [plaintiff] up." (ECF No. 1 at 2). However, allegations of mere verbal threats generally do not state a claim upon which relief may be granted under 42 U.S.C. § 1983. *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is because the Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). While a verbal threat can be actionable if it rises to the level of a "brutal and wanton act of cruelty," *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992), plaintiff herein makes no attempt to allege Moses's conduct rose to

4

such level.

Plaintiff does claim Moses's harassment violated his First Amendment rights. A threat can be actionable if it places coercive pressure on the plaintiff, thereby causing him to suffer the deprivation of a constitutional right. *King*, 117 F.3d at 1067. Here, however, plaintiff makes no attempt to allege Moses's threat placed coercive pressure on him at all. Plaintiff also states Moses's harassment caused him to suffer emotional injury. However, fear or emotional injury resulting solely from idle threats or verbal harassment is typically insufficient to constitute the violation of an identified liberty interest. *Id*.

Plaintiff does not clearly indicate an intent to bring a separate claim of excessive force against Moses or any other prison employee. However, the Court has considered whether the complaint states a plausible excessive force claim, and concludes it does not. When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically").

In the case at bar, plaintiff indicates that Moses assaulted him at an unspecified time in the past. At best, such allegation amounts to the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). The complaint simply fails to allege facts permitting the inference that plaintiff suffered a malicious and sadistic use of force. Even *pro se* complaints must allege facts which, if

5

true, state a claim for relief as a matter of law, *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980), and this Court will not assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

In sum, plaintiff alleges a single instance of a verbal threat, with no allegations of brutality, wanton cruelty, or coercive pressure. Such allegations do not state a claim of constitutional dimension. Accordingly, the Court concludes the complaint fails to state a claim upon which relief may be granted against Moses in his individual capacity.

Plaintiff also claims Moses's conduct was not investigated, and "they" allow Moses to continue to work even though he uses martial arts moves on people. (ECF No. 1 at 2). To the extent plaintiff can be understood to claim any defendant is liable to him because a grievance was not properly investigated, his allegations do not state a claim of constitutional dimension. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

To the extent plaintiff can be understood to claim any defendant is liable to him for violating a prison regulation or policy concerning investigating prisoner complaints or terminating employees, his allegations do not state a claim of constitutional dimension. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). *See also*

6

*Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

The complaint suffers from other deficiencies. Plaintiff seeks monetary relief from the MDOC and the ERDCC. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) and *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second is where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies here. The first exception is inapplicable

7

because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Additionally, it is apparent that all of the individual defendants are employees or officials of the State of Missouri. Official capacity claims against such individuals are actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the individual defendants are actually claims against the State of Missouri. However, as noted above, plaintiff cannot sue the State of Missouri under 42 U.S.C. § 1983 because it is not a "person" for purposes of the statute. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Plaintiff's individual capacity claims against "CCA; Sg. Miller; LT; Captain; Superintendent; Assistant Warden; Warden; Director; Assist. Att. General; Att. General; LT Govener; Govener; and Sentor of Missouri [*sic*]" are also subject to dismissal. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a

8

defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that "CCA; Sg. Miller; LT; Captain; Superintendent; Assistant Warden; Warden; Director; Assist. Att. General; Att. General; LT Govener; Govener; and Sentor of Missouri [*sic*]" did or failed to do anything that amounted to a violation of any of his federally-protected rights. Indeed, the only specific information plaintiff provides regarding each of these individuals is the amount of money he seeks. Simply listing a person's name or title as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

In sum, the complaint describes no valid theory of recovery, nor does it contain facts from which the Court can discern any plausible claim for relief. At best, the complaint asserts only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Having thoroughly reviewed and liberally construed the complaint, the Court has determined it is subject to dismissal because it fails to state a claim upon which relief may be granted.

To the extent plaintiff can be understood to claim entitlement to relief based upon his asserted status as a "sovereign citizen," the complaint is frivolous. Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented."). Additionally, plaintiff's asserted entitlement to recover 136 billion dollars based upon a claim entirely lacking factual support is irrational, and therefore also frivolous. *See Denton,* 504 U.S. 25.

Finally, it appears this action is subject to dismissal because it is malicious. As noted above, this action is one of more than one hundred and thirty (130) complaints plaintiff has recently filed in this Court against the MDOC and divisions and facilities thereof including the ERDCC, as well as individual defendants identified using many of the same generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and stated he intended each set of pleadings be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears plaintiff filed this action as part of a general campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right); *In re Tyler*, 839 F.2d at 1293 (an action can be considered

10

malicious if it is part of a longstanding pattern of abusive and repetitive lawsuits); *Cochran*, 73 F.3d at 1316 (When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action.  The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___6th___ day of May, 2021.

\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

11